# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MARVIN B. SMITH, III, and
SHARON H. SMITH,

    Plaintiffs,

    v.

M. DELORES MURPHY,

    Defendant.

CV 219—075

**ORDER**

Before the Court is Plaintiff Sharon Smith's[1] motion for reconsideration of this Court's April 6, 2022 Order requiring Plaintiff to pay $5,370.40 in attorneys' fees and costs to Defendant by May 6, 2022. Dkt. No. 30; see also Dkt. No. 29. Plaintiff argues that she received no hearing and was thus denied due process; that she has been dealing with medical issues which prevented her from "preparation of formal court filings"; that she received no notice of the Court's Order because she now lives in North Carolina; and that she intends to file a petition for certiorari to the United States Supreme Court, as well as a petition for writ of mandamus, and, thus, the Court's imposition of fees and costs is premature. See Dkt. No. 30. Plaintiff's motion is **DENIED**.

---

[1] Plaintiff Sharon Smith informs the Court that co-Plaintiff Marvin B. Smith, III is now deceased.

First, Plaintiff cites no case or statute for authority that the Court must grant her a hearing in this case. Moreover, in the approximately twenty-one months this case was pending in this Court, Plaintiff requested no hearing. Plaintiff has also requested no hearing in the last twelve months since the Court of Appeals remanded the case to this Court.

Second, that Plaintiff has been dealing with medical issues is no reason to overturn the Court's ruling. If Plaintiff were unable to respond to Defendant's motions and/or this Court's Orders, she could have requested an extension of time within which to file a response. Plaintiff did not do so.

Third, that Plaintiff did not receive notice of the Court's Order because she has moved out of this District to North Carolina is not a reason to overturn the Court's ruling. A party has a duty to keep the Court informed of his or her address. See Lewis v. Conners Steel Co., 673 F.2d 1240, 1243 (11th Cir. 1982) ("We believe it to be fair and reasonable for the plaintiff to assume the burden of advising [the court] of address changes.").

Finally, Plaintiff's "intention" to file a petition for certiorari and/or a petition for writ of mandamus is of no moment. "[T]he Supreme Court requires a petition for a writ of certiorari to be filed within 90 days of the appellate court judgment[.]" Warmus v. United States, 253 F. App'x 2 (11th Cir.

2

2007).  Here, the Court of Appeals issued its opinion on March 18, 2021.  Dkt. No. 23.  To date, Plaintiff has filed no petition for certiorari.  Such a petition, even if filed, would be untimely.  As for Plaintiff's intention to file a petition for writ of mandamus, the Court cannot consider same because, to date, Plaintiff has filed no such petition.

Accordingly, Plaintiff's motion for reconsideration, dkt. no. 30, is **DENIED**.  The Court reaffirms its prior Order and reminds Plaintiff of her obligation to pay Defendant $5,370.40 in attorneys' fees and costs by May 6, 2022.

**SO ORDERED**, this 2nd day of May, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA